I respectfully dissent from the decision to award plaintiff permanent and total disability benefits.
Plaintiff is a thirty-five-year-old woman with a tenth grade education. She worked for five years in defendant-employer's plant as an embroidery machine operator, inspector, and sewing machine operator. She is married and the mother of three children born between 1976 and 1980. Her employment history is limited to the five years with defendant-employer.
Plaintiff was injured in a slip and fall incident on 17 May 1991 and voluntarily terminated her employment (without medical excuse) on 7 December 1991, due to increased pain in her arms and hands as a result of her injury by accident and her reassignment to a sewing position. She did not advise defendant-employer that she was in pain as a result of her injury, because she thought the pain was caused by the sewing position, inasmuch as she had been able to perform the inspection job which she had held in the interim. (In fact, until she was reassigned to the sewing position, the pain incurred in the fall had actually "died out," as plaintiff testified.) Thus the employer was not given an opportunity to provide another position in order to accommodate a work-related injury.
Because of her compensable injury, plaintiff has hand pain which renders her unable to return to the sewing job and probably other production work of that nature. Plaintiff can, however, work in a sedentary job. Defendant identified several employment opportunities within the restrictions approved by her treating physician. Not surprisingly, these jobs are entry-level positions which do not pay as much as plaintiff was earning with defendant-employer, a major employer whose business in the area has closed. The Act provides a remedy for injured workers who find employment at a reduced wage. See G.S. 97-30; see alsoFranklin v. Broyhill Furniture Indus., 123 N.C. App. 200, 209,472 S.E.2d 382, 388 (1996) (Walker, J., concurring) (presumption of total disability arising from a Form 21 agreement may be rebutted by evidence that employee is capable of earning some wages, even if wages are less than those earned at time of injury). Plaintiff has not tried to locate other employment.
Contrary to finding of fact 18, Dr. Rogers did not find on 23 August 1994 that plaintiff was unable to work. He noted a history
from plaintiff that she was unable to work and that she had complaints of continuing pain. In November 1991, Dr. Rogers opined that plaintiff could return to work. Plaintiff then did not keep her scheduled appointment on 4 December 1991, and she quit her job three days later. As Dr. Rogers acknowledged at his deposition in October 1993, plaintiff's failure to seek medical treatment is inconsistent with her contention that she was in too much pain to work.
The majority excuses plaintiff's failure to seek medical treatment based on the argument that defendants denied the claim and plaintiff could not afford treatment. However, in December 1991 there was no claim to be denied. Plaintiff did not assert a claim before she hired an attorney and filed a Form 18 notice in August 1992, and there is no evidence that treatment was denied earlier.
While I disagree with the deputy commissioner's conclusion that plaintiff has proven that she is totally and permanently disabled, the deputy commissioner properly allocated the burden of proof on plaintiff to prove that disability. The majority adds new "findings of fact" (23 and 24) and a conclusion of law (4) which purport to cloak plaintiff with a "rebuttable presumption of continuing disability" based on her evidence that she could no longer perform the sewing position. Establishing a prima facie case, however, creates no presumption whatsoever.
This is not a Form 21 case. Offering proof on the issue of the nature and extent of her disability does not give rise to any presumption, even if the Commission ultimately accepts that evidence. Rather, the Commission must weigh the evidence, giving due consideration to the evidence from each party. What the majority purports to do is to accept plaintiff's proof that she could not continue to work at the sewer's job, cloak her with a presumption of continuing total disability, and then rule in her favor by finding that defendant has not rebutted that presumption with evidence of suitable jobs. In this case, however, plaintiff bears the burden to prove, by the greater weight of the evidence, that, because of her injury, she cannot earn the same wages with defendant or any other employer. It is for this very reason that (then Deputy) Commissioner Ballance, in her Interlocutory Opinion and Award, discerned that plaintiff had failed to prove her case after 7 December 1991 and ordered the record reopened to allow plaintiff to put on evidence of her disability after that date. The majority deletes the deputy commissioner's conclusions of law 4 and 5, which correctly stated the applicable law and, in "finding of fact" 24, substitutes an erroneous statement of the law.
In my opinion, there is no basis for rejecting the testimony of Maria King and Dr. Limonte. Ms. King relied on a functional capacity evaluation that was approved by Dr. Limonte, a treating physician not chosen by defendants. Ms. King's testimony and recommendations are consistent with the testimony of both treating physicians, Dr. Rogers and Dr. Limonte, to the effect that: plaintiff's complaints of pain are out of proportion to the clinical findings; her permanent disability rating is ten percent based primarily on continued complaints of pain and a cervical impingement which is not significant from a clinical perspective; plaintiff cannot return to the sewing job because it would likely aggravate her hand pain; plaintiff's complaints of pain have lessened substantially over the last four years; and plaintiff is capable of sedentary employment.
If the majority rejects Ms. King's testimony as biased because she is employed by the insurer, I note that plaintiff's vocational expert testifies for plaintiffs in ninety percent of his litigation cases. His opinion is also inconsistent with the treating physicians' diagnoses and recommendations and contrary to the greater weight of the evidence. Plaintiff's pain is not incapacitating and does not render her incapable of working.
I also note that, contrary to the implication in new conclusion of law 4, defendants in this case have never taken the position that the point of maximum medical improvement affected the burden of proof in this case or plaintiff's ability to return to work.
Plaintiff has a permanent partial impairment, but this is not a case of permanent, total disability. When Commissioner Ballance, then sitting as a deputy commissioner, reopened the evidence in this case, plaintiff had been out of work for three and one-half years without seeking medical treatment or making any effort to find work.
For the foregoing reasons, I respectfully dissent.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER